■ In the Matter of the Claim of FRANCISCO VIDAL, Respondent, v. ARTISTIC DESK PAD & NOVELTY CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from an award of disability compensation, contending that claimant did not sustain an accidental injury arising out of and in the course of his employment. Claimant testified that on May 20, 1960 while carrying wood trays in the employer's place of business, the sanding and polishing of which constituted his work, he tripped on a foreign object and fell to the floor sustaining an injury to his back. His version of the accident is corroborated by two coemployees, one of whom stated that he observed the fall; the other testified that although he did not perceive the actual act of falling he detected the presence of claimant "on the floor" immediately after its occurrence. There is testimony that the event was reported immediately to his foreman; this the foreman denied. He further stated that claimant before leaving the employment on May 20 told him that he was ill and could work no longer on that day. Appellants argue that the records of claimant's hospitalization, in the course of which a laminectomy was performed for the removal of a herniated disc, including histories taken by several staff physicians which contained no reference to the trip and fall and in some instances embraced a recordation of the existence of prior idiopathic episodes of radiating pain emanating from the region of his back demonstrate that claimant quit for causes completely unrelated to his employment. Although seemingly raised here no medical proof was offered by appellants before the Referee on the issue of causal relationship. They urged as the sole ground for the dismissal of the claim "that the claimant did not sustain an accident as claimed on March 20, 1960." The board could credit the medical opinion evidence of causation adduced from the attending physician. The conflicting evidence in this record in part resting upon divergent inferences which could be drawn from the material in the hospital records in the light of claimant's linguistic difficulty gives rise merely to an issue of credibility which the board was warranted in resolving as it did and in thereupon finding that an accident occurred. The employee's filed claim for compensation was dated September 26, 1960. The board has excused the failure to give prompt notice of the accident on the statutory ground that the employer had not been prejudiced. (Workmen's Compensation Law, § 18.) Appellants complain that this finding is conclusory and hence defective. Their view overlooks the expression in the same sentence that "The claimant secured prompt medical treatment" which, read in context, indicates the basis for the exercise of the board's discretionary power. We cannot say as a matter of law that the board was not justified in its conclusion. In any event since the record as a whole demonstrates no prejudice to the employer we find it unnecessary to remit the claim to the board for a further delineation of the factual bases for its finding. (*Matter of De Carlo* v. *Bergamini,* 16 A D 2d 1001.) Decision and award affirmed, with costs. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.